**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JOHN SCHIAPPA, an individual, and SUSIE GODINHO, an individual,

Plaintiffs,

v. Case No.:

CHARITY USA.COM LLC, a Washington limited liability company,

Defendant.
_______________________________________/

## COMPLAINT

COME NOW Plaintiffs JOHN SCHIAPPA and SUSIE GODINHO (collectively "**Plaintiffs**"), by and through undersigned counsel, and sue CHARITY USA.COM, LLC, a Washington limited liability company (hereinafter "**Defendant**"), alleging and averring as follows:

## THE PARTIES

1. Plaintiffs are residents of the Southern District of Florida and are otherwise *sui juris*.

2. Upon information and belief, Defendant is a Washington limited liability company having an address of 601 Union St., Suite 2600, Seattle, WA 98101.

## JURISDICTION AND VENUE

3. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051 *et seq*. ("Lanham Act"), particularly 15 U.S.C. § 1114 and § 1125(a), for trademark infringement, false designation of origin, as well as under the Florida Deceptive and Unfair Trade Practices Act Fla. Stat. § 501.201 *et seq*.


GARRITY TRAINA, PLLC
5485 Wiles Road, Unit 404, Coconut Creek, FL 33073
Phone: (954) 753-6666 Fax: (954) 753-6663

4. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b); 15 U.S.C. § 1121; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Jurisdiction is proper because Defendant, upon information and belief, has operated, conducted, and carried on a business venture in Florida, and the Southern District of Florida, from which this action arises within the meaning of Fla. Stat. § 48.193(1)(a).

6. Jurisdiction is further proper because Defendant has committed tortious acts and caused injury to Plaintiffs within the State of Florida and the Southern District of Florida, including the infringement herein described, within the meaning of Fla. Stat. § 48.193(1)(a).

7. Venue is proper under 28 U.S.C. § 1391(b) in that, upon information and belief, Defendant transacts business in the Southern District of Florida, and Defendant's wrongful acts occurred in the Southern District of Florida.

**PLAINTIFFS' MARKS**

8. Plaintiffs, including and through their predecessors and related companies within the meaning of 15 U.S.C. § 1055, has continuously provided high quality apparel and accessories throughout the United States since at least 2007.

9. Plaintiffs are the owners of numerous registered U.S. trademarks (collectively the "Marks"), namely:

| Mark | Reg. No. | Issued | Goods |
|---|---|---|---|
|  | 4,168,268 | July 3, 2012 | Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Children's and infant's apparel, namely, jumpers, overall sleepwear, pajamas, rompers and one-piece garments; Scientific and technological apparel, namely, shirts, pants, jackets, footwear, hats and caps, uniforms; Shirt fronts; Shirts; Sleep shirts; Sport shirts; Sports shirts; Sports shirts with short sleeves; Sweat shirts |


GARRITY TRAINA, PLLC
5485 Wiles Road, Unit 404, Coconut Creek, FL 33073
Phone: (954) 753-6666 Fax: (954) 753-6663

| | | | |
|---|---|---|---|
| 3 Dawg | 3,521,549 | Oct. 21, 2008 | Clothing, namely, shirts, T-shirts, pants, skirts, shorts, sweaters, jackets, caps, hats, vests, overalls and belts |
| | 3,473,401 | Jul. 22, 2008 | Belts; Caps; Dresses; Hats; Headbands; Scarves; Shirts; Shorts; Socks; Sweat pants; T-shirts; Tank tops |

10. These marks provide *prima facia* evidence of Plaintiffs' ownership and exclusive right to use their Marks throughout the United States. 15 U.S.C. § 1057(b).

11. Moreover, those Marks embodied by Reg. Nos. 3,473,401 and 3,521,549 are incontestable within the meaning of 15 U.S.C. § 1065.

12. Since long before Defendant's actions described herein, Plaintiffs and their predecessors have continuously used the marks, and in so doing have gathered goodwill exclusively related to Plaintiffs.

13. Plaintiffs have expended substantial time, effort, money, and resources in developing and promoting their products under their Marks.

**DEFENDANT'S INFRINGING ACTIVITIES**

14. Upon information and belief, Defendant owns and operates various online retail establishments, including one located at theanimalrescuesite.greatergood.com (hereinafter "Defendant's Website").

15. Subsequent to Plaintiffs' adoption and use of their Marks, upon information and belief Defendant began the manufacture, importation, distribution, and/or sale in U.S. Commerce, including within the Southern District of Florida, of various products including apparel and accessories that bear an infringing mark in the form of a paw print that incorporates a heart.

16. True and correct examples of Defendant's use of its infringing mark in the form of screen captures taken from Defendant's Website on September 16, 2016, are provided as **Composite Exhibit A**.

17. Upon information and belief Defendant has used its infringing marks on and in conjunction with the sale of many more products than are illustrated in Composite Exhibit A.

18. Defendant had constructive notice of Plaintiffs' claim of ownership of their Marks. 15 U.S.C. § 1072.

19. Defendant had actual notice of Plaintiffs' claim of ownership of their Marks at least as of 2015. Specifically, Plaintiffs notified of Defendant's by email on or about March 23, 2015. A true and correct copy of the email is attached hereto as **Exhibit B**.

20. Since acquiring knowledge, whether constructive or actual, of Plaintiffs' rights, Defendant has intentionally, willfully, and consciously traded and is believed will continue to intentionally trade upon and to misappropriate for itself the goodwill in Plaintiffs' Marks that Plaintiffs have developed.

21. Defendant's use of its infringing marks is without Plaintiffs' consent, license, or permission.

22. Defendant's use of its infringing marks is designed and calculated to cause, and is likely to cause confusion, to deceive customers and prospective customers as to the origin or sponsorship of Defendant's products, to Plaintiffs' detriment.

23. Defendant's use of its infringing marks is designed and calculated to cause, and is likely to cause consumers to believe that Defendant's products emanate from Plaintiffs, or are sponsored, licensed, authorize, or approved by Plaintiffs, to Plaintiffs' detriment.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

24. Plaintiffs incorporate the allegations of Paragraphs 1-23 as if fully set forth herein.


GARRITY TRAINA, PLLC
5485 Wiles Road, Unit 404, Coconut Creek, FL 33073
Phone: (954) 753-6666 Fax: (954) 753-6663

25. Defendant, willfully, and with knowledge of Plaintiffs' Marks, has used and is currently using in commerce its infringing marks on related and/or identical products in a manner likely to cause consumer confusion, or to cause mistake, or to deceive.

26. Defendant's acts constitute infringement pursuant to 15 U.S.C. §1114.

27. Defendant's acts have harmed Plaintiffs' reputation, damaged their goodwill, and upon information and belief have and will continue to divert sales from Plaintiffs.

28. Defendant's acts have caused great and irreparable harm to Plaintiff, and will continue to do so absent restraint by the Court.

## COUNT II – FALSE DESIGNATION, DESCRIPTION, AND REPRESENTATION

29. Plaintiffs incorporate the allegations of Paragraphs 1-23 as if fully set forth herein.

30. Defendant, willfully, and with knowledge of Plaintiffs' Marks, has used and is currently using in commerce its infringing marks on related and/or identical products in a manner likely to cause consumer confusion, or to cause mistake, or to deceive.

31. Defendant's acts constitute unfair competition and false designation or description of origin in violation of 15 U.S.C. §1125(a).

32. Defendant's acts have harmed Plaintiffs' reputation, damaged their goodwill, and upon information and belief have and will continue to divert sales from Plaintiffs.

33. Defendant's acts have caused great and irreparable harm to Plaintiff, and will continue to do so absent restraint by the Court.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

34. Plaintiffs incorporate the allegations of Paragraphs 1-23 as if fully set forth herein.

35. Defendant, willfully, and with knowledge of Plaintiffs' Marks, has used and is currently using in commerce its infringing marks on related and/or identical products in a manner likely to cause consumer confusion, or to cause mistake, or to deceive.


GARRITY TRAINA, PLLC
5485 Wiles Road, Unit 404, Coconut Creek, FL 33073
Phone: (954) 753-6666 Fax: (954) 753-6663

36. Defendant's acts constitute infringement pursuant to the common law of the State of Florida.

37. Defendant's acts have harmed Plaintiffs' reputation, damaged their goodwill, and upon information and belief have and will continue to divert sales from Plaintiffs.

38. Defendant's acts have caused great and irreparable harm to Plaintiff, and will continue to do so absent restraint by the Court.

**COUNT IV – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 *ET SEQ.*) ("FDUTPA")**

39. Plaintiffs incorporate the allegations of Paragraphs 1-23 as if fully set forth herein.

40. FDUTPA is to be liberally construed to protect against the use of unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

41. Plaintiffs are an "aggrieved" party within the meaning of FDUTPA.

42. Defendant's acts described above constitute unfair, unconscionable, and deceptive practices of the kind FDUTPA deems unlawful.

43. As a result of Defendant's acts described herein, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs pray:

A. That this Court will adjudge that Plaintiffs' Marks have been infringed as the direct and proximate result of Defendant's willful acts as herein described, in violation of Plaintiffs' rights under the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B. That this Court will adjudge that Defendant has competed unfairly with Plaintiffs in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a).

C. That Defendant, and all of Defendant's affiliates, officers, directors, agents, servants, employees, attorneys, successors, and assigns, be preliminarily and permanently enjoined


GARRITY TRAINA, PLLC
5485 Wiles Road, Unit 404, Coconut Creek, FL 33073
Phone: (954) 753-6666 Fax: (954) 753-6663

and restrained from any and all use of Defendant's infringing marks, including any variations thereof, that is likely to be confused with Plaintiffs' Marks, in conjunction with any related or similar goods to those of Plaintiffs;

D. That Defendant be required to surrender for destruction all goods, packaging, and other written or printed material within Defendant's custody or control, that bear a mark that is identical to, is a formative variation or equivalent of, or is likely to be confused with Plaintiffs' Marks;

E. That Plaintiffs' recover Defendant's profits and the damages sustained by Plaintiffs arising from Defendant's acts described herein;

F. That Plaintiffs recover their costs and reasonable attorney fees incurred in this action pursuant to 15 U.S.C. 1117 and Fla. Stat. § 501.201 *et seq*.

G. That Plaintiffs be granted such further relief as this Court may deem just and proper.

Dated: September 21, 2016

Respectfully submitted,

**GARRITY TRAINA, PLLC**
*Attorneys for Plaintiffs*
5485 Wiles Road, Unit 404
Coconut Creek, FL 33073
Phone: (954) 753-6666
Fax: (954) 753-6663

By: /s/Chris Traina
**JOSEPH D. GARRITY, ESQ.**
Fla. Bar No. 87531
jgarrity@garritytraina.com
**CHRIS TRAINA, ESQ.**
Fla. Bar No. 91001
chris@garritytraina.com
gtservice@garritytraina.com (secondary)